Robert Tauler (SBN 241964)
rtauler@taulersmith.com
Tauler Smith, LLP
626 Wilshire Boulevard, Suite 510
Los Angeles, California 90017
Tel: (310) 590-3927

Counsel for Defendant
ENTTECH MEDIA GROUP LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| BACKGRID USA, INC., et al., | CASE NO. 2:20-cv-06803-RSWL |
| Plaintiffs, | Assigned to Hon. Ronald S.W. Lew<br>Courtroom ___ [TBA] |
| vs. | **MOTION TO DISMISS THE COMPLAINT; AND** |
| ENTTECH MEDIA GROUP LLC, et al., | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| Defendants. | [Fed. R. Civ. P. 13(a)] |
| | Hearing Date:    September 1, 2020<br>Time:              10:00 a.m.<br>Place:             To Be Announced |
| | Hon. RONALD S.W. LEW |

**MOTION TO DISMISS THE COMPLAINT**

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND COUNSEL OF RECORD:

NOTICE is given that Defendant ENTTech Media Group LLC ("ENTTech") respectfully will and hereby does move to dismiss without prejudice the Complaint For: 1) Copyright Infringement (17 U.S.C. § 501) 2) Declaratory Relief Under 17 U.S.C. § 512(G) 3) Misrepresentation Under 17 U.S.C. § 512(F) (the "Complaint" in Dkt. 1, filed on July 29, 2020). Unless otherwise ordered, this motion will be heard at 10:00 a.m. on Tuesday, September 1, 2020 in a courtroom to be announced.

This motion is and will be based on the ground that the claims for relief asserted in the Complaint are compulsory counterclaims arising out of the same transactions or occurrences that are the subject of Enntech's own claims in the earlier-filed case of *ENTTech Media Group LLC v. Okularity, Inc., et al.*, 2:20-cv-06298-RGK, filed by *ENTTech* on July 15, 2020 (the "First Case"). *See* Exhibit 1 to the accompanying Request for Judicial Notice (the "RJN"). Here in this case (the "Second Case"), as the Complaint concedes, "Defendant has filed a related lawsuit in the Central District of California, *EntTech Media Group LLC v. Okularity, Inc., et al.*, 2:20-cv-06298." *See* Dkt. 1, ¶ 2. All the plaintiffs here in this Second Case are already named as defendants in the First Case filed by *ENTTech*.

This motion is and will be based on Rule 13(a) of the Fed. R. Civ. P. and the Court's inherent authority to dismiss a related second-filed action under the first-to-file rule, as well as the Memorandum of Points and Authorities set forth below; the accompanying RJN; any Reply in support of this motion or that request; the records and files of this action; and any oral argument that the Court may choose to permit.

This motion is made following the conference of counsel pursuant to Civ. L.R. 7-3 which took place on August 3, 2020.

i

1

2

3    Dated: August 4, 2020

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

**TAULER SMITH, LLP**

By:/s/ Robert Tauler
        Robert Tauler

Counsel for Defendant
ENTTECH MEDIA GROUP LLC

ii
**MOTION TO DISMISS THE COMPLAINT**

## MEMORANDUM OF POINTS AND AUTHORITIES

The Complaint in this action against ENTTech should be dismissed, under Rule 13(a) of the Fed. R. Civ. P. and the first-to-file rule.

## I.   FACTS

On July 15, 2020, ENTTech sued Okularity, Inc. and its affiliates Jon Nicolini; Backgrid USA, Inc.; Splash News and Picture Agency, LLC; and Xposure Photo Agency, Inc.  *See* RJN, Exhibit 1.  That is the "First Case."  Two weeks later, on July 29, 2020, most of the same defendants from the First Case filed this case, which is the "Second Case."  All the three of the plaintiffs here in the Second Case were already named as defendants in the First Case – namely, BackGrid USA, Inc.; Splash News and Picture Agency, LLC; and Xposure Photo Agency Inc.  In other words, the parties in both cases are substantially the same.  Indeed, the Complaint here in this Second Case alleges that "Defendant has filed a related lawsuit in the Central District of California, *EntTech Media Group LLC v. Okularity, Inc., et al.*, 2:20-cv-06298."  *See* Dkt. 1, ¶ 2.  The two cases are indeed related, because they both involve the same "take-down" notifications and counter-notifications under the Digital Millenium Copyright Act (the "DMCA").

## II.   ARGUMENT

"Once a Court determines 'that an action on its docket involves a claim that should be a compulsory counterclaim in another pending federal suit, it will stay its own proceedings or will dismiss the claim with leave to plead it in the prior action.' "  *Ruckus Wireless, Inc. v. Harris Corp.*, 2012 U.S. Dist. LEXIS 22336, *8, (N.D. Cal. Feb. 22, 2012) (quoting 6 Charles Alan Wright, Arthur R. Miller, Mary Kane, & Richard L. Marcus*, Federal Practice & Procedure* § 1418 (3d ed. 2011)).  Dismissal, rather than a stay, is warranted here in this instance – just as dismissal was ordered in *Ruckus* – because dismissal will not prejudice the second-action plaintiffs on the merits of their claims.  In fact, defendants have not yet filed a responsive pleading in the First Case, and thus, any counterclaims may readily be

1

**MOTION TO DISMISS THE COMPLAINT**

1  pleaded there, despite dismissal of the claims here.  *See also Riviera Travel &*
2  *Tour, Inc. v. Novokshonov*, 2012 U.S. Dist. LEXIS 196497, *5-6 (C.D. Cal. Aug.
3  23, 2012) ("the Court GRANTS Defendants' Motions to Dismiss [the second case]
4  and *sua sponte* GRANTS Plaintiff leave to file its claims as compulsory
5  counterclaims in [the first case].").

6       "The purpose of Rule 13(a) is to prevent multiplicity of litigation and to
7  promptly bring about resolution of disputes before the court."  *Mitchell v. CB*
8  *Richard Ellis Long Term Disability Plan*, 611 F.3d 1192, 1201 (9th Cir. 2010).
9  The first-to-file rule serves the same purposes.  *See Alltrade, Inc. v. Uniweld*
10  *Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991).  Those rules preclude these
11  plaintiffs from asserting their claims here in the Second Case – precisely because
12  they are required to plead them as counterclaims in the First Case, instead:

13       A pleading must state as a counterclaim any claim that—at the
14       time of its service—the pleader has against an opposing party if the
15       claim:

16            (A) arises out of the transaction or occurrence that is the
17            subject matter of the opposing party's claim; and

18            (B) does not require adding another party over whom the
19            court cannot acquire jurisdiction.

20  Fed. R. Civ. P. 13(a).  Because all three plaintiffs in this Second Case were already
21  named as parties in the First Case, there is no possible need to name any other
22  parties there in that action.  Furthermore, the two actions clearly arise out of the
23  same transactions or occurrences.

24       The Ninth Circuit applies a "logical relationship test" to make the
25  compulsory counterclaim determination.  *See Pochiro v. Prudential Ins. Co. of*
26  *Am.,* 827 F.2d 1246, 1249 (9th Cir. 1987).  The logical relationship test requires
27  the Court to "analyze whether the essential facts of the various claims are so
28  logically connected that considerations of judicial economy and fairness dictate

2

**MOTION TO DISMISS THE COMPLAINT**

that all the issues be resolved in one lawsuit." *Id*.  The plaintiffs here in the Second Case are alleging that all of their "actions were lawful and prescribed by the DMCA" (*see* Dkt. 1, ¶ 20) – while the exact opposite is being alleged against them in the First Case.  As ENTTech alleges in the First Case:

> 12.   Defendants are engaged in a scheme to deprive Plaintiff [*i.e.*, ENTTech] and similar digital media companies of their assets by unlawfully manipulating the take-down notice provisions of the Digital Millennium Copyright Act ("DMCA").  Specifically, Defendants have created software for the express purpose of disabling valuable commercial accounts on social media platforms (in this case Instagram) so that they can then demand extortionate sums (in this case over a million dollars) from the account holders to have the accounts restored.

RJN Exhibit 1, ¶ 12.  Similarly, the Complaint here in the Second Case alleges that ENTTech's counter-notifications to Instagram under the DMCA were false (*see* Dkt. 1, ¶¶ 54, 58); while, in the First Case, ENTTech itself alleges that their own DMCA notifications were false (*see* RJN Exhibit 1, ¶ 37).  In fact, the Complaint in the Second Case affirmatively seeks justify the Plaintiffs' exact conduct that ENTTech has challenged in the First Case.  *See* Dkt. 1, ¶¶ 17-20 (expressly alleging that ENTTech's allegations on the First Case are incorrect).  Those logical relationships make the claims in the Second Case compulsory in the First Case.

### III.   CONCLUSION

The Complaint here in this Second Case should be dismissed without prejudice to asserting the same claims as compulsory counterclaims in the earlier-filed First Case.

**MOTION TO DISMISS THE COMPLAINT**

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

Respectfully submitted,

Dated: August 4, 2020     **TAULER SMITH, LLP**

By:/s/ Robert Tauler
       Robert Tauler

Counsel Defendant
ENTTECH MEDIA GROUP LLC

**MOTION TO DISMISS THE COMPLAINT**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 4, 2020 copies of the foregoing document were served by the CM/ECF system to all counsel of record.

Dated:  August 4, 2020                    **TAULER SMITH, LLP**

By: /s/ Robert Tauler
      Robert Tauler

Counsel for Defendant
ENTTECH MEDIA GROUP LLC

---

5

**MOTION TO DISMISS THE COMPLAINT**