| | |
|---|---|
| 1 | Robert Tauler (SBN 241964) |
| 2 | rtauler@taulersmith.com |
|   | Tauler Smith, LLP |
| 3 | 626 Wilshire Boulevard, Suite 510 |
|   | Los Angeles, California 90017 |
| 4 | Tel: (310) 590-3927 |
| 5 | Counsel for Defendant |
|   | ENTTECH MEDIA GROUP LLC |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| BACKGRID USA, INC., et al., | CASE NO. 2:20-cv-06803-RSWL |
| Plaintiffs, | Assigned to Hon. Ronald S.W. Lew |
| vs. | Courtroom ___ [TBD] |
| ENTTECH MEDIA GROUP LLC, et al., | **DECLARATION OF ROBERT TAULER IN SUPPORT OF *EX PARTE* APPLICATION** |
| Defendants. | [Civil L.R. 7-19] |
| | Hearing Date:   None set |
| | Time:           None set |
| | Place:          None set |
| | Hon. RONALD S.W. LEW |

**DECLARATION OF TAULER ISO *EX PARTE* APPLICATION**

# DECLARATION OF ROBERT TAULER

I, Robert Tauler, Esq., declare:

1. I am counsel for ENTTech Media Group LLC ("ENTTech"), which is the named defendant in this action (the "Second Case"). I am also counsel for ENTTech as the plaintiff in its lawsuit filed on July 15, 2020 (the "First Case"), and included in the concurrently filed Request for Judicial Notice.

2. Both the First Case and the Second Case relate to photographs posted by ENTTech on its Instagram account that Backgrid, Splash News, and XPosure (who are the Plaintiffs here in this Second Case) have maneuvered to disable, by strategically timing their DMCA take-down notices to exploit Instagram's internal policies for responding to such notices.

3. By email and by telephone voice messages on August 3, 2020, I notified Plaintiff's counsel Joanna Ardalan and Peter Afrasabi of ENTTech's intent to bring this application *ex parte* to shorten the time for briefing and hearing ENTTech's Motion to Dismiss the Complaint here in this Second Case. I explained in my initial email that – by virtue of the improper filing of the Second Case itself and Instagram's internal polcies –ENTTech's account remains disabled. I also explained that ENTTech's business is reliant on Instagram to generate revenue, and ENTTech will likely go out of business and will need to terminate its employees – unless the Court does expedite ENTTech's Motion to Dismiss. A true and correct copy of this email is attached as Exhibit A. In my email and my voice messages, I notified opposing counsel that any response to an *ex parte* application would be due within 24 hours after the filing.

4. I later spoke to counsel for Plaintiff, Joanna Ardalan on the afternoon of August 3, 2020. During this phone call, I reiterated that due to the request for injunctive relief in the Second Case, that ENTTech's Instagram account was disabled, and as a result that ENTTech was unable to access its Instagram account

to take down any images in dispute. In order to avoid the need for the *ex parte* application, I proposed that the parties stipulate that ENTTech would remove all images claimed by her clients to-date – which would happen immediately after ENNTech's access to the Instagram channel is restored – and that her clients would voluntarily dismiss their request for injunctive relief from the current complaint in the Second Case (which seeks to obtain that very same relief), so that ENNTech's access to Instagram could be restored.  Ms. Ardalan advised me that she would take my proposal to her clients.  I memorialized the substance of our conversation in an email, a true and correct copy of which is attached hereto as Exhibit B.

5.  During a phone call on the following day (August 4, 2020), Ms. Ardalan rejected my proposal, and she proposed instead that ENTTech dismiss the First Case with prejudice – and also, stipulate to liability as alleged against ENTTech in the improperly filed Second Case, and further, submit to arbitration regarding remedies that would be imposed against ENTTech – in exchange for a dismissal without prejudice of the request for injunctive relief against ENTTech.  Ms. Ardalan made clear that a stipulated dismissal the claim for injunctive relief (and in turn, ENTTech's access to its Instagram account) would be conditioned upon ENTTech's waiver of all defenses to liability in the Second Case and dismissal of its affirmative claims on the merits in the First Case.  When I asked her why she would not simply remove the request for injunctive relief – specifically, given that ENTTech was willing to provide her clients with the same relief sought – Ms. Ardalan only said that her clients had "the right to seek injunctive relief."

6.  I did not agree to Ms. Ardalan's proposal, but instead, I proposed on the same phone call of August 4, 2020 that the parties enter into a stipulation and proposed order providing that would preserve each side's position on the merits, while restoring ENTTech's access to the disabled Instagram account.  Thus, I

2
**DECLARATION OF TAULER ISO *EX PARTE* APPLICATION**

proposed to stipulate that (1) the claims of Backgrid et al. in this Second Case would be voluntarily dismissed without prejudice, solely as to injunctive relief, and specifically without prejudice to pleading or re-pleading the prayer for such relief in the future; (2) ENTTech would take-down each of the disputed photos, immediately upon gaining restored access to the Instagram account; and (3) ENTTech would not re-post any such photo unless otherwise agreed in writing by the parties, or unless it is expressly allowed to do so by an order of the Court (in either the First or Second Case), or the copyright claim is resolved by a determination of non-infringement by ENTTech as to that photo.

7. Ms. Ardalan informed me during our call on August 4, 2020 that she would take my new proposal to her clients for consideration and that she would inform me the next day (meaning, August 5) whether it was acceptable. Additionally, Ms. Ardalan consented to shorten the seven day period to meet-and-confer under local rule 7-3 to one day, such that the motion to dismiss could be filed one day after our initial conference of August 3. I memorialized the substance of our conversation in an email, a true and correct copy of which is attached hereto as Exhibit C. ENTTech then filed its motion to dismiss on August 4 (Dkt. # 11).

8. After not hearing from Ms. Ardalan on the following day (August 5, 2020), I left messages on her personal and work voicemail and followed up with an email to request a response, and to again emphasize the situation was "urgent." A true and correct copy of this email is attached hereto as Exhibit D.

9. I did not hear back from Ms. Ardalan until the morning of August 6, 2020 – when she informed me that her clients were unwilling to agree with my proposal for preserving each side's position on the merits, while allowing ENTTech to resume access to its Instagram account. She reiterated instead:

> We proposed that EntTech stipulate to infringement, my clients [*i.e.* the Plaintiffs in this Second Case] will agree to withdraw our request

> for injunctive relief and the account can go back up, EntTech
> dismisses their claims against all defendants, and we do arbitration on
> a damages number after limited discovery.

A true and correct copy of this email is attached hereto as Exhibit E.

    10.    A copy of this Ex Parte Application, including the declarations and exhibits supporting ENTTech's request for relief, was served by email at 3 p.m. PDT on Thursday, August 6, 2020, shortly before it was filed.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  This declaration is executed on this 6th day of August, 2020, at Los Angeles, California.

    /s/ *Robert Tauler*
    Robert Tauler, Esq.

4

**DECLARATION OF TAULER ISO *EX PARTE* APPLICATION**

# EXHIBIT A



Luca Stein <lstein@taulersmith.com>

---

## Backgrid v. ENTTech (Case 2:20-cv-06803)

**Robert Tauler** <rtauler@taulersmith.com>      Mon, Aug 3, 2020 at 11:59 AM
To: pafrasiabi@onellp.com, jardalan@onellp.com
Cc: Luca Stein <lstein@taulersmith.com>

Counsel,

I represent ENTTech in the above action filed on July 29, 2020 on behalf of your clients Backgrid, Splash News and Xposure Photo Agency (the "Second Case"). As you are aware, ENTTech filed a lawsuit against your clients related to the same claims you asserting on July 15, 2020 (the "First Case"). Since the claims in the Second Case relate to the same transactions, parties, and DMCA notices as the First Case, they are compulsory counterclaims in the First Case. As such, the Second Case violates FRCP 13 because it is a compulsory counterclaim in the First Case, and can *only* be pled as a counterclaim in the First Case.

As such, I request that you agree to stipulate that the Second Case be dismissed, without prejudice to your filing of your claims as counterclaims in the First Case. If you do not agree, this email, along with my voicemails to Peter Afrasiabi and Joanna Ardalan left this morning between 11:11 a.m. and 11:21 a.m., shall serve as notice that ENTTech will be filing a motion to dismiss today, and will be filing an ex parte application to shorten time for briefing and hearing today as well.

The grounds for the ex parte application are that by virtue of the improper filing of the Second Case, ENTTech's Instagram remains disabled. It appears that the Second Case was improperly filed as an independent action for the sole purpose of keeping ENTTech's Instagram account disabled by invoking Section 512(g)(2)(B) of the DMCA. In doing so, you have wilfully ignored FRCP 13. This is improper.

As detailed in the First Case, ENTTech's business is reliant on Instagram to generate revenue, and ENTTech will likely go out of business and will need to terminate it's employees if the Court does not expedite the briefing and hearing schedule on ENTTech's Motion to Dismiss. In other words, ENTTech will suffer irreparable harm should ex parte relief not be granted.

This email shall also serve to advise you, as I did in my voicemails this morning, that you shall have 24 hours to respond to our ex parte application from the time it is filed should you not agree to a stipulated dismissal.

Please contact me at the number below and advise me of your position.

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd., Suite 510
Los Angeles, CA 90017
(213) 927-9270
www.taulersmith.com

# EXHIBIT B

From: **Robert Tauler** <rtauler@taulersmith.com>
Date: Mon, Aug 3, 2020 at 4:35 PM
Subject: Re: Backgrid v. ENTTech (Case 2:20-cv-06803)
To: Jo Ardalan <jardalan@onellp.com>
Cc: Peter Afrasiabi <pafrasiabi@onellp.com>, Luca Stein <lstein@taulersmith.com>, Robert Kohn <rkohn@taulersmith.com>

Jo,

Nice speaking with you today, and thank you for writing.  To clarify (slightly) what I am proposing:

In order to avoid the need for the ex parte application, I proposed we stipulate that ENTTech would remove all images claimed by your clients to-date – which would happen immediately after ENNTech's access to the Instagram channel is restored – and that your clients would voluntarily dismiss their request for injunctive relief from the current complaint in the Second Case (which seeks to obtain that very same relief), so that ENNTech's access to Instagram can be restored (as required for it to remove the disputed images).

Unless the current situation changes, the practical effect of your clients' prayer for injunctive relief in the Second Case makes it so that ENTTech's Instagram will continue to be disabled, which jeopardizes ENTTech's existence as a going concern – not to mention, the livelihoods of its employees.  Unless the account is restored, ENTTech also cannot take action to remove the disputed images pending the lawsuit(s).  However, the stipulation that I am proposing would not waive either side's position(s) on the merits of anything related to the various disputes.

We agreed to reconvene tomorrow after you have had the opportunity to discuss this proposal with your clients.  I am free at 2pm, or, if your hearing goes long, I will call you on your cell phone after my 3pm deposition.

Thank you,

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd., Suite 510
Los Angeles, CA 90017
(213) 927-9270
www.taulersmith.com

On Mon, Aug 3, 2020 at 4:14 PM Jo Ardalan <jardalan@onellp.com> wrote:

> Hi Rob,

As discussed on our call, you proposed that my clients withdraw their claim for injunctive relief from their complaint. If my clients would agree to withdraw the request for injunctive relief, EntTech would allow the second lawsuit to proceed without objection as to whether the claims are compulsory.  I'll confer with my clients and will discuss with you tomorrow.

Thank you,

Jo


--

**Jo Ardalan**

**Partner**



Intellectual Property & Entertainment Law

310-437-8665

9301 Wilshire Blvd., Penthouse

Beverly Hills, CA 90210

jardalan@onellp.com

Beverly Hills | Newport Beach | San Diego


Notice:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.

# EXHIBIT C

From: **Robert Tauler** <rtauler@taulersmith.com>
Date: Tue, Aug 4, 2020 at 5:33 PM
Subject: Re: Backgrid v. ENTTech (Case 2:20-cv-06803)
To: Jo Ardalan <jardalan@onellp.com>
Cc: Peter Afrasiabi <pafrasiabi@onellp.com>, Luca Stein <lstein@taulersmith.com>, Robert Kohn <rkohn@taulersmith.com>

Jo,

Thank you for speaking again this evening. I appreciate your proposal, but as we discussed, I am not authorized to stipulate to dismiss ENTTech's claims on the merits nor to concede liability on the merits of the (counter)claims by Backgrid et al. – not even as a condition of Backgrid et al.'s voluntary dismissal of the injunctive relief prayer in their complaint in the Second Case, and not even though such a dismissal would resolve the DMCA takedown issue for the purpose of restoring ENTTech's account with Instagram.

Regarding your related proposal to arbitrate over remedies, that is something I think we should consider during the Rule 26(f) conference. Again though, that is not something we can stipulate over today.

Today, our goal is to preserve both side's positions on the merits, while reaching an interim resolution of the DMCA takedown issue that Instagram will accept for the purpose of restoring ENTTech's account there. This is the proposal that I request you discuss with your clients: A stipulation and proposed order providing that (1) the claims of Backgrid et al. are voluntarily dismissed without prejudice, solely as to injunctive relief, and specifically without prejudice to pleading or re-pleading the prayer for such relief in the future; (2) ENTTech will take-down each of the disputed photos immediately upon gaining restored access to the Instagram account; and (3) ENTTech will not re-post any such photo unless otherwise agreed in writing by the parties, or unless it is expressly allowed to do so by an order of the Court (in either the First or Second Case), or the copyright claim is resolved by a determination of non-infringement by ENTTech as to that photo.

As an alternative to *ex parte* relief, we are open to discuss any suggestions that preserve both side's positions on the merits while reaching an interim resolution of the DMCA takedown issue that Instagram will accept for the purpose of restoring ENTTech's account there. During today's call, you agreed that our discussion yesterday and today concerning ENTTech's motion to dismiss Complaint in the Second Case satisfies Civ. L.R. 7-3 – and furthermore, you kindly agreed to shorten the 7-day holding period to 1 day. This will allow ENTTech to file its motion to dismiss today, while the parties continue tomorrow our discussion of an alternative to *ex parte* practice over shortening the other timing rules concerning that motion.

Regards,

Robert Tauler, Esq.

# EXHIBIT D

From: **Robert Tauler** <rtauler@taulersmith.com>
Date: Wed, Aug 5, 2020 at 4:47 PM
Subject: Re: Backgrid v. ENTTech (Case 2:20-cv-06803)
To: Jo Ardalan <jardalan@onellp.com>
Cc: Peter Afrasiabi <pafrasiabi@onellp.com>, Luca Stein <lstein@taulersmith.com>, Robert Kohn <rkohn@taulersmith.com>

Hi Jo,

I just left a message on your cell phone and work voicemails.   Our situation remains urgent, so please give me a call today.

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd., Suite 510
Los Angeles, CA 90017
(213) 927-9270
www.taulersmith.com

# EXHIBIT E

From: **Jo Ardalan** <jardalan@onellp.com>
Date: Thu, Aug 6, 2020 at 10:33 AM
Subject: RE: Backgrid v. ENTTech (Case 2:20-cv-06803)
To: Robert Tauler <rtauler@taulersmith.com>
Cc: Peter Afrasiabi <pafrasiabi@onellp.com>, Luca Stein <lstein@taulersmith.com>, Robert Kohn <rkohn@taulersmith.com>

Hi Robert,

As discussed on our call we thought our proposal was very reasonable and avoids EntTech's substantial risk of fee exposure resulting from upcoming motion practice while also giving EntTech the opportunity to get its account back up. We proposed that EntTech stipulate to infringement, my clients will agree to withdraw our request for injunctive relief and the account can go back up, EntTech dismisses their claims against all defendants, and we do arbitration on a damages number after limited discovery. Our proposal was intended to save all parties costs and judicial resources and gets your client its account back asap.  You rejected our proposal on the spot.

I circled back to my client with your proposal for a "stipulation" to take/keep the photos down in exchange for dropping injunctive relief as you describe in your email below.  My clients are unwilling to agree to that proposal.

If you have any other proposals, let us know.

Thanks,

Jo

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2020, copies of the foregoing document were served by email and by the CM/ECF system, addressed to the following:

Peter R. Afrasiabi
pafrasiabi@onellp.com
ONE LLP
4000 MacArthur Boulevard
Each Tower, Suite 500
Newport Beach, CA 92660

David Quinto
Joanna Ardalan
jardalan@onellp.com
ONE LLP
9301 Wilshire Boulevard Penthouse Suite
Beverly Hills, CA 90210

Dated: August 6, 2020                **TAULER SMITH, LLP**

By: /s/ Robert Tauler
     Robert Tauler

Counsel for Defendant
ENTTECH MEDIA GROUP LLC

**DECLARATION OF TAULER ISO *EX PARTE* APPLICATION**