UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC., a California corporation; SPLASH NEWS AND PICTURE AGENCY, a Nevada limited liability company; XPOSURE PHOTO AGENCY, INC., a California corporation,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ENTTECH MEDIA GROUP LLC, a Delaware limited liability company; and DOES 1 to 10, inclusive,<br><br>　　　　　Defendants. | CV 20-6803-RSWL-RAO<br><br>ORDER re: Defendant's *Ex Parte* Application to Shorten Time For Briefing and Hearing on Motion to Dismiss the Complaint [14] |

　　Currently before the Court is Defendant EntTech Media Group LLC's ("EntTech" or "Defendant") *Ex Parte* Application to Shorten Time for Hearing on Defendant's Motion to Dismiss ("Application") [14]. Having reviewed all papers submitted pertaining to this Application, the Court **NOW FINDS AND RULES AS FOLLOWS:**

1

the Court **DENIES** Defendant's Application.

## I. BACKGROUND

### A. Factual Background

Plaintiffs Backgrid USA, Inc. ("Backgrid"), Splash News and Picture Agency, LLC ("Splash News"), and Xposure Photo Agency, Inc. ("Xposure") (collectively, "Plaintiffs") are celebrity-photograph agencies that regularly license celebrity-driven content to various media outlets around the world. Compl. ¶ 8, ECF No. 1. Plaintiffs state that each license has been granted for valuable consideration of up to hundreds of thousands of dollars. Id. Defendant is an "entertainment technology ecosystem that leverages creative content, social amplification and proprietary data to deliver shareable entertainment to diverse groups of audiences." Id. ¶ 11. Among Defendant's properties is *Paper Magazine* ("*Paper*"), a fashion and celebrity driven magazine. Id. Defendant uses social media platforms such as Instagram[1] to promote *Paper* and engage with potential readers. Id.

Plaintiffs allege that Defendant improperly reproduced, distributed, displayed, and created unauthorized derivative works of their copyrighted photographs on Defendant's social media accounts without consent or a license. Id. ¶ 13. Plaintiffs

---

[1] "Instagram is a web-based photo and video sharing social media platform through which users host and share user-generated content." Rodriguez v. Instagram, LLC, C 12-6482, 2013 WL 3732883, at *1 (N.D. Cal. July 15, 2013).

state that in order to minimize the damage Defendant created, they caused certain Digital Millennium Copyright Act ("DMCA") Takedown Notices to be issued to Instagram.  Id. ¶ 17.  Instagram took down the infringing content and later took the additional step of terminating or suspending *Paper*'s Instagram account.  Id.

**B.  Procedural Background**

On July 15, 2020, Defendant filed a complaint against Plaintiffs, among others, alleging violations of the Digital Millennium Copyright Act, violations of the Racketeer Influenced and Corrupt Organizations Act, intentional interference with economic advantage, and unfair competition (the "First Action").  The First Action is currently pending before another court in this district.

Two weeks later, on July 29, 2020, Plaintiffs initiated the instant Action [1] in this Court stating claims for copyright infringement, declaratory relief, and misrepresentation.  On August 4, 2020, Defendant filed a Motion to Dismiss ("Motion") [11] with this Court seeking dismissal of Plaintiffs' Complaint under Federal Rule of Civil Procedure ("Rule") 13.  Two days after filing its Motion, on August 6, 2020, Defendant filed the instant Application [14].  The next day, Plaintiffs opposed [16].

## II. DISCUSSION

*Ex parte* applications are for extraordinary relief.

For *ex parte* relief to be granted, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." <u>Mission Power Eng'g Co. v. Cont'l Cas. Co.</u>, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Here, Defendant requests that the Court advance the hearing on Defendant's Motion. The underlying Motion is premised on dismissal under Rule 13, arguing that the claims alleged in the instant Action are compulsory counterclaims of those alleged in the First Action.[2] The Court understands the value of each day that Defendant is unable to access *Paper*'s Instagram; however, Defendant has failed to establish that it would be irreparably harmed by proceeding under the regularly noticed motion schedule.

According to Central District Local Rules 7-9 and 7-10, Plaintiffs' Opposition is due to the Court by

---

[2] In its Application, Defendant requests that the Court take judicial of the complaint filed in the First Action, <u>Enttech Media Group LLC v. Okularity, Inc.; Jon Nicolini; Backgrid USA, Inc.; Splash New and Picture Agency, LLC; and Xposure Photo Agency, Inc.</u>, 2:20-cv-06298, (C.D. Cal. July 15, 2020). This document is a matter of public record and not subject to reasonable dispute, and is therefore the proper subject of judicial notice. As such, the Court **GRANTS** Defendant's Request for Judicial Notice. <u>See</u> <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (noting that courts may take judicial notice of "court filings" as they are "readily verifiable, and therefore, the proper subject of judicial notice"); <u>U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.</u>, 971 F.2d 244, 248 (9th Cir. 1992) (stating judicial notice of proceedings in other courts is appropriate "if those proceedings have a direct relation to matters at issue").

August 11, 2020 and Defendant's Reply is due by August 18, 2020. The Court **ORDERS** the Motion be deemed submitted without appearance upon receipt of the Reply or expiration of the Reply deadline.

### III. CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant's *Ex Parte* Application. Defendant's Motion will be deemed submitted upon receipt of the Reply or upon expiration of the Reply deadline. The September 1, 2020 hearing date is hereby vacated.

**IT IS SO ORDERED.**

DATED: August 9, 2020              /s/ Ronald S.W. Lew

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge