UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC, a California corporation; SPLASH NEWS AND PICTURE AGENCY LLC, a Nevada limited liability company; XPOSURE PHOTO AGENCY INC., a California corporation,<br><br>        Plaintiffs,<br><br>   v.<br><br>ENTTECH MEDIA GROUP LLC, a Delaware liability company; and DOES 1 to 10, inclusive,<br><br>        Defendants. | CV 20-6803-RSWL-RAO<br><br>**ORDER re: Defendant's Motion to Dismiss the Complaint** [11] |

    Currently before the Court is Defendant ENTTech Media Group, LLC's ("Defendant") Motion to Dismiss the Complaint ("Motion") [11]. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** Defendant's Motion.

**I. BACKGROUND**

**A.   Factual Background**

Plaintiffs Backgrid USA, Inc. ("Backgrid"), Splash News and Picture Agency, LLC ("Splash News"), and Xposure Photo Agency, Inc. ("Xposure") (collectively, "Plaintiffs") are Hollywood's largest celebrity-photograph agencies that regularly license celebrity-driven content to top-tier outlets such as TMZ, Entertainment Tonight, New York Post, and People Magazine, as well as many television stations and media outlets around the world.  Compl. ¶ 8, ECF No. 1. Plaintiffs state that each license has been granted for valuable consideration of up to hundreds of thousands of dollars.  Id.  Defendant is an "entertainment technology ecosystem that leverages creative content, social amplification and proprietary data to deliver shareable entertainment to diverse groups of audiences."  Id. ¶ 11.  Among Defendant's properties is *Paper Magazine* ("*Paper*"), a fashion and celebrity driven magazine.  Id.  Defendant uses social media platforms such as Instagram[1] to promote *Paper* and engage with potential readers.  Id.  Plaintiffs allege that Defendant improperly reproduced, distributed,

---

[1] "Instagram is a web-based photo and video sharing social media platform through which users host and share user-generated content.  Instagram provides an application for mobile devices that allows users to upload photos, apply digital filters to those photos, and share them with others on Instagram and other social networking websites like Twitter and Facebook."  Rodriquez v. Instagram, LLC, C 12-6482, 2013 WL 3732883, at *1 (N.D. Cal. July 15, 2013).

2

displayed, and created unauthorized derivative works of their copyrighted photographs on Defendant's social media accounts without consent or a license. Id. ¶ 13.

Plaintiffs state that in order to minimize the damage Defendant caused, they caused certain Digital Millennium Copyright Act ("DMCA") Takedown Notices to be issued to Instagram. Id. ¶ 17. Instagram took down the infringing content and later took the additional step of terminating or suspending the Instagram account associated with *Paper*. Id. On July 15, 2020, Instagram reported that Defendant had filed DMCA counter-notifications, which represented that Defendant's lawyer had "a good faith belief that the material in question was removed or disabled as a result of mistake or misidentification." Id. ¶ 18.

**B. Procedural Background**

On July 15, 2020, Defendant filed a complaint against Plaintiffs, among others, alleging violations of the Digital Millennium Copyright Act, violations of the Racketeer Influenced and Corrupt Organizations Act, intentional interference with economic advantage, and unfair competition (the "First Action").[2] The First Action is currently pending before another court in this district.

---

[2] Since filing its complaint in the First Action, Defendant has filed an amended complaint that no longer asserts claims for intentional interference with economic advantage or unfair competition. See generally, Ex. A in Supp. of Decl. of Robert Tauler ("First Action FAC"), ECF No. 21-1.

1    Two weeks later, on July 29, 2020, Plaintiffs
2 initiated the instant Action [1] in this Court stating
3 claims for copyright infringement, declaratory relief
4 and misrepresentation.  On August 4, 2020, Defendant
5 filed the instant Motion [11] with this Court seeking
6 dismissal of Plaintiffs' Complaint under Federal Rule
7 of Civil Procedure ("Rule") 13(a) alleging that the
8 claims asserted in this Action are compulsory
9 counterclaims arising out of the same transactions or
10 occurrences as the First Action.
11   Two days after filing its Motion, on August 6,
12 2020, Defendant filed an *Ex Parte* Application
13 ("Application") [14] seeking to advance the hearing
14 date of its Motion.  The Court denied Defendant's
15 Application finding that Defendant "failed to establish
16 that it would be irreparably harmed by proceeding under
17 the regularly noticed motion schedule."  Order re *Ex*
18 *Parte* Application ("*Ex Parte* Order") 4:14-16, ECF No.
19 19.  In its *Ex Parte* Order, the Court vacated the
20 hearing on Defendant's Motion and ordered that it be
21 deemed submitted upon receipt of the Reply or upon
22 expiration of the Reply deadline.  Id. at 5:2-4.
23   On August 11, 2020, Plaintiffs filed their
24 Opposition to the instant Motion [20].  On August 13,
25 2020, Defendant filed its Reply [21].  The next day, on
26 August 14, 2020, Plaintiffs filed their First Amended
27 Complaint ("FAC") [22].
28 ///

4

## II. DISCUSSION

Generally, when a plaintiff files an amended complaint as a matter of right under Rule 15(a), as Plaintiff did here, "the amended complaint supersedes the original, the latter being treated thereafter as non-existent.  Such filings typically moot all pending motions, however the court may exercise its discretion to consider a motion to dismiss the original complaint where the amended complaint fails to cure the defects of the original complaint."  IV Solutions, Inc. v. Office Depot Employee Welfare Benefit Plan, EDCV 07-1603-VAP (JCRx), 2008 WL 11343374, at *1 (C.D. Cal. April 2, 2008) (citing Sloan v. Chico Unified School Dist., No Civ. S-06-468, 2006 WL 1222965, at *2 n.1 (E.D. Cal. May 5, 2006)).  See Fed. R. Civ. P. 15(a) ("A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.").

Here, the Court declines to exercise its discretion to consider Defendant's Motion.  While Plaintiffs' original Complaint and the recently filed First Amended Complaint are similar in many ways, "the amended complaint alleges facts . . . that do not appear in the original complaint."  Bisson v. Bank of America, N.A., C12-0995-JLR, 2012 WL 5866309, at *2 (W.D. Wash. Nov.

16, 2012). Further, Defendant has not made any request to this Court to review its previously filed Motion in light of Plaintiffs' First Amended Complaint. As such, the Court **DENIES** Defendant's Motion **as moot**.

### III. CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant's Motion **as moot**

**IT IS SO ORDERED.**

DATED: August 21, 2020          /s/ Ronald S.W. Lew

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge