1  Robert Tauler (SBN 241964)
   rtauler@taulersmith.com
2  Tauler Smith, LLP
   626 Wilshire Boulevard, Suite 510
3  Los Angeles, California 90017
   Tel: (310) 590-3927
4
5  Counsel for Defendant
   ENTTECH MEDIA GROUP LLC
6
7                  **UNITED STATES DISTRICT COURT**
8                  **CENTRAL DISTRICT OF CALIFORNIA**
9                        **WESTERN DIVISION**
10

| | |
|---|---|
| 11  BACKGRID USA, INC., et al., | CASE NO. 2:20-cv-06803-RSWL (RAOx) |
| 12              Plaintiffs, | |
| 13  vs. | Assigned to Hon. Ronald S.W. Lew Courtroom ___ [TBD] |
| 14  ENTTECH MEDIA GROUP LLC, et al., | ***EX PARTE* APPLICATION TO SHORTEN TIME FOR BRIEFING AND TO VACATE HEARING ON MOTION TO DISMISS THE FIRST AMENDED COMPLAINT [24]; AND** |
| 15              Defendants. | |
| 16 | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| 17 | |
| 18 | [Declarations of Mark Tevis and Robert Tauler filed concurrently] |
| 19 | |
| 20 | [Civil L.R. 7-19] |
| 21 | Hearing Date:     None set |
| 22 | Time:             None set<br>Place:            None set |
| 23 | Hon. RONALD S.W. LEW |

24
25
26
27
28

---

***EX PARTE* APPLICATION**

**EX PARTE APPLICATION**

Defendant Enttech Media Group LLC ("ENTTech") respectfully applies *ex parte* for an order shortening the time for briefing its Motion to Dismiss the First Amended Complaint (Dkt. 24) and to vacate the motion hearing date from September 22, 2020 (as currently noticed) so that the matter may be deemed submitted when the briefing is concluded.  The grounds for this Application are that ENTTech's business called *Paper* magazine and its employees will be irreparably harmed as detailed herein if the motion hearing date is not vacated, and that ENTTech is without fault in creating the crisis that requires *ex parte* relief.

Accordingly, ENTTech requests the Motion to Dismiss be deemed submitted upon the filing of a reply brief (if an opposition is filed) or upon the expiration of the time for a reply, and that the time for filing any opposition be shortened.  *See* [Proposed] Order, *infra*.

This Application is and will be based on Civil L.R. 7-19, as well as the Memorandum of Points and Authorities set forth below; the Declarations of Mark Tevis and Robert Tauler that are filed concurrently with this Application and the Exhibits thereto; any Reply in support of the Application; the records and files of this action; and any oral argument that the Court may choose to permit.

Respectfully submitted,

Dated: August 26, 2020      **TAULER SMITH, LLP**

By:/s/ Robert Tauler
            Robert Tauler

Counsel for Defendant
ENTTECH MEDIA GROUP LLC

**EX PARTE APPLICATION**

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   Statement Pursuant to Civil Local Rule 7-19.**

Counsel of record for the Plaintiffs are:

Peter R. Afrasiabi
pafrasiabi@onellp.com
ONE LLP
4000 MacArthur Boulevard
Each Tower, Suite 500
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

David Quinto
Joanna Ardalan
jardalan@onellp.com
ONE LLP
9301 Wilshire Boulevard Penthouse Suite
Beverly Hills, CA 90210
Telephone: (310)866-5157
Facsimile: (310) 943-2085

By email on August 25, 2020, Defendant's counsel Robert Tauler requested that Plaintiffs' counsel Joanna Ardalan and Peter Afrasabi agree and stipulate that (1) the Motion to Dismiss the First Amended Complaint be deemed submitted upon the filing of any reply brief, or the expiration of the time to file a reply, and (2) that Plaintiffs will file any opposition by August 28, 2020.  *See* Tauler Decl., *infra* ¶ 2 & Exhibit A.  In response, Plaintiffs' counsel Joanna Ardalan refused – saying that "Professional courtesies are given only to those who behave professionally."  *Ibid.*

By telephone on August 26, 2020 and subsequent email at 5:53 p.m., Defendant's counsel Robert Tauler notified Plaintiffs' counsel that ENTTech intended to bring this application to shorten the time for briefing and vacate the hearing on ENTtech's Motion to Dismiss the Complaint; Mr. Tauler also advised that opposing papers must be filed not later than 24 hours following the filing of the *ex* parte application.  *See* Tauler Decl., *infra* ¶ 3 & Exhibit B.

1

1        A copy of this Application was served by email at approximately 7:00 p.m.

2    PDT on Wednesday, August 26, 2020, shortly before it was filed.  *See* Tauler Decl.

3    ¶ 4, *infra*.

4                   **II.   FACTS**

5        The background facts are unchanged since ENTTech first applied on August

6    6, 2020 for *ex parte* relief to expedite its motion to dismiss (Dkt. 11) the original

7    Complaint in this action (Dkt. 1).  *See Ex Parte* Application to Shorten Time for

8    Briefing and Hearing on Motion to Dismiss the Complaint (Dkt. 14) at 2.  Without

9    access to its Instagram account – which the Plaintiffs' improper pursuit of this

10   Second Action is perpetuating – ENTTech can no longer generate revenue that it

11   needs to maintain the operations of its *Paper* magazine business.  *See* Florio Decl.

12   (Dkt. 14-2), ¶¶ 4, 6.  The Court denied ENTTech's first *ex parte* application, but in

13   doing so, the Court also directed that the pending motion to dismiss "be deemed

14   submitted without appearance upon receipt of the Reply or expiration of the Reply

15   deadline."  *See* ORDER re: Defendant's *Ex Parte* Application to Shorten Time for

16   Briefing and Hearing on Motion to Dismiss Complaint (Dkt. 19) at 5.

17       Since then, the irreparable harm to ENTTech and its employees has become

18   far more acute.  *See* Tevis Decl., *infra* ¶¶ 8-12.  In the meantime, Plaintiffs filed a

19   First Amended Complaint – adding more photographs to their claim of copyright

20   infringement, *see* Dkt. 22, ¶ 9 (adding the allegation that "In addition, EntTech has

21   infringed at least another 15 registered photos which are owned by each respective

22   Agency.") – and thereby mooted the first pending motion.  *See* ORDER re:

23   Defendant's Motion to Dismiss the Complaint (Dkt. 23).  ENTTech filed its

24   Motion to Dismiss the First Amended Complaint on August 25, 2020 (Dkt. 24),

25   and the matter is currently set for hearing on September 22, 2020.  Any Opposition

26   by Plaintiffs would currently be due to the Court by September 1, 2020, and any

27   Reply by September 8, 2020, under Civ. L.R. 7-9 and 7-10.  Counsel for Plaintiffs

28   oppose vacating the hearing and submitting the Motion to Dismiss for decision

upon the filing of any Reply brief or the expiration of the reply deadline, and they also oppose shortening the Opposition deadline to August 28, 2020.   *See* Tauler Decl., *infra* ¶ 3 & Exhibit A.

### III.   ARGUMENT

Shortening time for hearing a motion is a "routine order" and proper to request by making an application *ex parte*, with notice to the opposing parties, precisely because notice-motion procedures cannot effectively be used for such a request.   *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193-94 (C.D. Cal. 1989). Shortening the time for briefing and expediting resolution of the Motion to Dismiss the Complaint (Dkt. 11) is warranted, because ENTTech and its employees will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and because ENTTech is without fault in creating the crisis that requires *ex parte* relief.   *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

As a consequence of the ongoing freeze of its Instagram account – ongoing since July 8, 2020 – ENTTech has been unable to utilize one of its primary assets, which has led to the loss of business relationships.   Tevis Decl., *infra* ¶¶ 4-7; 9-10. Due to the nature of ENTTEch's business, September is a critical month for contracting with partners.   *Id.* at ¶ 8.  If Paper continues to have its access to Instagram disabled in September, PAPER will unlikely be able to make any significant contracts for the fourth quarter necessary to keep the business going; and, as a result, will have to lay off all of its employees. *Id.* at ¶ 12.

Because of the freeze that Instagram has imposed – specifically, and solely, in response to the improper complaint here in the Second Case – ENTTech cannot even access the account for the purpose of removing the allegedly infringing copyrighted materials that Okularity, Inc. *et al.* are complaining about.  Florio Decl. (Dkt. 14-2), ¶ 7.  More importantly, ENTTech's business will be irreparably harmed within the next few weeks – and long before the September 22, 2020

3

1  arrives– if the freeze is not lifted before then.  Tevis Decl., *infra* at ¶ 12.  *Paper*'s

2  Instagram account had over 1.7 million followers, generated after years of

3  providing content, before their account was disabled on July 8, 2020.  Florio Decl.

4  (Dkt. 14-2), ¶ 2.  Without the ability to engage with those followers, ENTTech can

5  no longer generate revenue that it needs to remain in operation without laying off

6  employees.  Tevis Decl., *infra* at ¶ 12.  And, because Instagram has only disabled

7  the account in response to Plaintiff's filing of the improper Complaint for

8  injunctive relief here, a shortening of time is the only way to make that irreparable

9  injury stop.

10       ENTTech is not at fault in creating this crisis.  To the contrary, creating

11  exactly this sort of crisis is the very goal of its opponents, Okularity, Inc. *et al.*  As

12  alleged by ENTTech repeatedly in the First Action,

13       Okularity lies in wait while DMCA Notices accumulate to the point

14       where Instagram disables the account.  Only then does Okularity

15       begin to negotiate "settlement" for the alleged copyright claims.

16       Okularity operates this way because Okularity knows that Instragam

17       is the lifeblood of any digital media company, particularly one like

18       Plaintiff Paper, which primarily is engaged in the business of

19       reporting and commentary of popular culture news and, as such,

20       targets a young demographic that uses Instagram as its primary source

21       of media consumption.

22  *See* Dkt. 14-3, Exhibit 1, ¶ 16 (the original complaint in the First Action); Dkt. 21-

23  1, ¶ 16 (the same allegation, in ENTTech's amended complaint in the First

24  Action).  Yet, because of the freeze that Instagram has imposed – specifically, in

25  response to the improper complaints here in the Second Action – ENTTech cannot

26  even access the account for the purpose of removing the allegedly infringing

27  copyrighted materials that Plaintiffs are complaining about.  *See* Florio Decl. (Dtk.

28  14-2), ¶ 7.

4

1    Seeking to avoid the need for the *ex parte* application, counsel for ENTTech
2    proposed that the parties stipulate that ENTTech would remove all images claimed
3    by her clients to-date – which would happen immediately after ENNTech's access
4    to the Instagram channel is restored – and that her clients would voluntarily
5    dismiss their request for injunctive relief from the current complaint in the Second
6    Case (which seeks to obtain that very same relief), so that ENNTech's access to
7    Instagram could be restored.  *See* Tauler Decl. (Dkt. 14-1), ¶ 4.  Plaintiffs' counsel
8    rejected that proposal, and countered with a proposal that ENTTech should instead
9    dismiss the First Case with prejudice – and also, stipulate to liability as alleged
10   against ENTTech in this improperly filed Second Case, and further, submit to
11   arbitration regarding remedies that would be imposed against ENTTech – in
12   exchange for a dismissal without prejudice of the Complaint's request for
13   injunctive relief.  *See id.* ¶ 5.  When asked why Plaintiffs would not simply remove
14   the request for injunctive relief – specifically, given that ENTTech was willing to
15   provide Plaintiffs with the same relief sought – counsel for Plaintiffs only said that
16   her clients had "the right to seek injunctive relief."  *Ibid.*

17   That position by Plaintiffs has not changed.  Counsel for ENTTech made a
18   narrower proposal in response in Plaintiffs' position.  *See* Tauler Decl. (Dkt. 14-1)
19   ¶¶ 6-7.  Plaintiffs did not accept this proposal, and did not make any other proposal
20   – other than reiterating that Plaintiffs would drop the request for injunctive relief if
21   ENTTech would agree to dismiss its claims on the merits in the First Case, admit
22   liability on the merits of the Plaintiffs' claims here in the Second Case, and submit
23   to arbitration over remedies claimed against ENTTech.  *See id.* ¶¶ 8-9.  In a
24   subsequent email, Plaintiffs' counsel wrote:

25       We proposed that EntTech stipulate to infringement, my clients [*i.e.*
26       the Plaintiffs in this Second Action] will agree to withdraw our
27       request for injunctive relief and the account [*i.e.*, the Instagram
28       account] can go back up, EntTech dismisses their claims against all

5

1      defendants [in the First Action], and we do arbitration on a damages

2      number after limited discovery.

3 *See* Exhibit E to the Tauler Decl. (Dkt. 14-1) at 16.  When ENTTech's counsel

4 proposed a stipulation to expedite briefing the current Motion to Dismiss the First

5 Amended Complaint – namely, the same relief that this *ex parte* Application now

6 seeks – counsel for the Plaintiffs refused.  *See* Tauler Decl., *infra* ¶ 2 & Exhibit A.

7 **IV.   CONCLUSION**

8      To prevent ongoing and irreparable harm to the business and employees of

9 *Paper* magazine, the time for briefing the Motion to Dismiss the First Amended

10 Complaint (Dkt. 23) should be shortened, and the motion hearing should be

11 vacated, so that the matter is submitted upon the filing of any Reply or the

12 expiration of the Reply deadline.

13

14                            Respectfully submitted,

15 Dated: August 26, 2020       **TAULER SMITH, LLP**

16                            By:/s/ Robert Tauler

17                                Robert Tauler

18                            Counsel Defendant
                            ENTTECH MEDIA GROUP LLC

19

20

21

22

23

24

25

26

27

28

6

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2020, copies of the foregoing document were served by email and by the CM/ECF system, addressed to the following:

Peter R. Afrasiabi
pafrasiabi@onellp.com
ONE LLP
4000 MacArthur Boulevard
Each Tower, Suite 500
Newport Beach, CA 92660

David Quinto
Joanna Ardalan
jardalan@onellp.com
ONE LLP
9301 Wilshire Boulevard Penthouse Suite
Beverly Hills, CA 90210

Dated:  August 26, 2020          **TAULER SMITH, LLP**

By: /s/ Robert Tauler
      Robert Tauler

Counsel for Defendant
ENTTECH MEDIA GROUP LLC