Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
**ONE LLP**
4000 MacArthur Boulevard
Each Tower, Suite 500
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

David Quinto (Bar No. 106232)
Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
**ONE LLP**
9301 Wilshire Boulevard
Penthouse Suite
Beverly Hills, CA 90210
Telephone: (310) 866-5157
Facsimile: (310) 943-2085

Attorneys for Plaintiffs
Backgrid USA, Inc., Splash News and Picture Agency, LLC, Xposure Photo Agency, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BACKGRID USA, INC., a California corporation; SPLASH NEWS AND PICTURE AGENCY, LLC, a Nevada limited liability company; XPOSURE PHOTO AGENCY INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ENTTECH MEDIA GROUP LLC. a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-06803 RSWL (RAOx)<br>Hon. Ronald S. W. Lew<br><br>**PLAINTIFFS BACKGRID USA, INC.'S, SPLASH NEWS AND PICTURE AGENCY, LLC'S & XPOSURE PHOTO AGENCY INC.'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION** |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION**

Backgrid USA Inc., Splash News and Picture Agency LLC, and Xposure Photo Agency, Inc. ("Photo Agencies") oppose Defendant EntTech Media Group LLC's ex parte request as follows:

## I. THERE IS NO IRREPARABLE HARM; ANY "HARM" WOULD BE THE ILL-GOTTEN GAINS OF ENTTECH'S INFRINGEMENT

EntTech's second ex parte request claims irreparable harm, an argument the Court already rejected: "Defendant has failed to establish that it would be irreparably harmed by proceeding under the regularly noticed motion schedule." (Dkt. 19 at 4.)

There is an additional reason EntTech will not be irreparably harmed; EntTech created a new Instagram Account, which can be found at https://www.instagram.com/paper/. Ardalan Decl., Ex. A, B. EntTech has been actively disparaging Okularity while promoting this new account.[1] *See* Ardalan Decl., Exhibit B ("MORE ON PAPER- Follow PAPER Magazines New Paper Account @Paper - Paper"). EntTech set up this new commercial, **verified** Instagram Account, and its failure to disclose this critically important fact to the Court, all the while complaining that it has lost business relationships and revenue because it has no Instagram account, lacks candor to the Court. A Court of equity cannot ignore that EntTech hid this very relevant fact from it.

EntTech will no doubt argue that this new account has less traffic and therefore is less profitable to it. If so, that would be attributable to the fact that the original *Paper* magazine account was interesting to viewers precisely **because** of its infringing content. It has less content now and presumably is attempting to operate lawfully.[2] All the missed business deals and opportunities described in the declaration of Mark Tevis would have been ill-gotten gains stemming from the infringements at issue hereto. If

---

[1] Okularity and the Photo Agencies, are defendants in *EntTech v. Okularity et al.* 2:20-cv-06298 RGK (Ex) in which EntTech alleges that the DMCA takedown notices were fraudulent and somehow violated RICO.

[2] This statement is without prejudice if the new account does in fact infringe additional works.

2

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION**

those same partners are not interested in *Paper's* new account, that speaks to the Photo Agencies' damages and not to EntTech's "irreparable" harm. It would simply reflect the extent to which EntTech's profits were attributable to its infringing conduct. Such harm cannot be the basis for emergency and for relief.

And EntTech's First Account was taken down precisely because EntTech infringed the Photo Agencies' copyrights. In signing up for an Instagram Account, EntTech agreed to Instagram's terms and conditions, which adopted a DMCA policy as provided by 17 U.S.C. § 512(i). Ardalan Decl. Ex. C. Having agreed to Instagram's terms which prohibit infringement, but repeatedly infringing anyway, EntTech cannot claim "irreparable" harm. "He who consents to an act is not wronged by it." California Civil Code § 3515.

Section 512(i) requires that an internet service provider must "adopt[] and reasonably implement[] a [repeat infringer policy]" to avoid infringement liability. Instagram did that by enforcing its own Terms of Use. If EntTech had not been deemed a repeat infringer by Instagram, its Account would be alive and well. But EntTech violated the rights of copyright holders too many times. Any "emergency" was caused by EntTech. Relief, especially by ex parte application, is not available under such circumstances.

## II. TIMING OF THE MOTION AND THE EX PARTE APPLICATION

Notwithstanding that EntTech is responsible for numerous infringing works on its first Instagram account, so many so that Instagram deemed it a repeat infringer and took its account down, EntTech is also responsible for the timing of the motion. The Photo Agencies filed a First Amended Complaint on August 14, 2020.[3][4] (Dkt. 22.)

---

[3] The crux of the changes between the Complaint and the First Amended Complaint is that it **_added_** infringements caused by EntTech.
[4] The First Amended Complaint was filed before the Court issued its order on the motion to dismiss the Complaint. Consistent with the notion that there is no irreparable harm, the Court did not exercise its discretion in hearing the motion any way even though the considerations of the motions would have been the same. (Dkt. 23 at 5.)

3

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION**

EntTech approached the Photo Agencies on August 25, asking if they would agree to a briefing schedule that would make their opposition due on August 28. *See* Tauler Decl., Ex. A. (Dkt. 25-1). The motion to dismiss the First Amended Complaint was submitted on August 25. (Dkt. 24.)  It is obviously unreasonable to ask an opposing party to agree to a three-day briefing schedule for a regularly noticed motion, especially when the Court has already found that no irreparable harm exists. (*See* Dkt. 25-1.) If timing were a genuine concern, as opposed to making the Photo Agencies spend more in fees, this motion should have been brought immediately after the First Amended Complaint was filed to give the Photo Agencies the appropriate amount of time to respond.[5] Instead of doing so, EntTech waited for a Tuesday, the hearing date of this Court, to file its motion hoping to minimize the time the Photo Agencies would have to oppose it, while at the same time bringing its ex parte application to inconvenience the Photo Agency's attorneys while they were preparing an opposition to the motion. Still, EntTech asks the Court to hurry its decision along and deem its motion submitted upon the filing of a reply brief. No emergency exists and the normal briefing schedule should stand.

/ / /

/ / /

/ / /

---

[5] EntTech's application references an e-mail exchange whereby the Photo Agencies explained that professional courtesies are given only to people who behave professionally. The Photo Agencies, as well as the other defendants in the EntTech v. Backgrid et al., action have confronted a surprising lack of civility from EntTech, which motivated this statement. *See* Tauler Decl., Ex. A (Ardalan Aug. 26 e-mail to Tauler) (Dkt. 25-1).   Moreover, it should not be controversial that the Photo Agencies are unwilling to drop a claim for injunctive relief, which would be necessarily broader than simply keeping the photos off Instagram. As demonstrated in this Action, EntTech infringed not only on Instagram, but also Twitter, and its own website, which would also be included in an injunction, in addition to other protections.

4

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION**

## III. CONCLUSION

The Photo Agencies respectfully request that the ex parte application be denied.

Dated: August 27, 2020     **ONE LLP**

By: /s/ Joanna Ardalan
　　Joanna Ardalan
　　Peter R. Afrasiabi

Attorneys for Plaintiffs
Backgrid USA, Inc.; Splash News and Picture Agency, LLC, Xposure Photo Agency, Inc.